**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD J. SAMS,<br><br>        Plaintiff,<br><br>vs.<br><br>SCOTT BADER et al.,<br><br>        Defendants. | 3:17-cv-00255-RCJ-VPC<br><br>**ORDER** |

This is a prisoner civil rights case. Now pending before the Court is a motion to dismiss, (Mot. Dismiss, ECF No. 11), a motion for entry of default, (ECF No. 14), and a motion for default judgment, (ECF No. 16). For the reasons given herein, the Court grants the motion to dismiss and denies the other motions.

**I. FACTS AND PROCEDURAL HISTORY**

On January 4, 2017, Plaintiff Richard Sams (also known as Charles K. Tenborg) was arrested at Rail City Casino by Sparks Police Department ("SPD") Officer Scott Bader for burglary, uttering a forged instrument, and possession of a forged instrument. (Compl. 4, ECF No. 8; Police Report, ECF No. 8 at 11.) At the time of his arrest, Mr. Sams alleges he was in possession of $3,405 in cash. The money was seized by SPD, but was not counted in Mr. Sams' presence. Officer Bader's declaration of probable cause states that a search incident to arrest showed Mr. Sams was carrying "approximately $3,000." Following his arrest, $1,405 was placed

in Mr. Sams' inmate account at the Washoe County Detention Center. In this lawsuit, Mr. Sams alleges that Officer Bader and/or some other unidentified SPD employee improperly withheld the additional $2,000, in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

Officer Bader and SPD have moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). (Mot. Dismiss, ECF No. 11.) Mr. Sams has moved for entry of default and default judgment on the basis of Defendants' alleged failure to file a timely response to the Complaint. (Mot. Entry Default, ECF No. 14; Mot. Default J., ECF No. 16.)

**II. LEGAL STANDARDS**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable cause of action (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the cause of action he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

/ / /

/ / /

/ / /

## III. ANALYSIS

### a. Plaintiff's Motions for Entry of Default and Default Judgment

The Court will deny these motions because they are based on Mr. Sams' miscalculation of the deadline for Defendants' responsive pleading. Mr. Sams alleges that Defendants were served with the Complaint on January 19, 2018, and did not file their motion to dismiss until February 12, 2018, more than twenty-one days later. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (providing that a defendant must serve an answer or other responsive pleading "within 21 days after being served with the summons and complaint"). However, the U.S. Marshals' process return, on file with the Court, clearly shows that the date of service for both Defendants was January 23, 2018. (ECF No. 10.) The responsive pleading was thus timely, and there is no basis for an entry of default.

### b. Motion to Dismiss

#### i. Plaintiff's Claims Against SPD

This Court has previously held that Nevada law prohibits lawsuits against municipal police departments. *See Ward v. Nevada*, No. 3:09-cv-7-RCJ-VPC, 2010 WL 1633461, at *3 (D. Nev. Feb. 26, 2010), *report and recommendation adopted*, No. 3:09-cv-7-RCJ-VPC, 2010 WL 1640427 (D. Nev. Apr. 21, 2010), *aff'd sub nom. Ward v. Waldron*, 474 F. App'x 598 (9th Cir. 2012); *Jackson v. Scarpati*, No. 3:14-cv-415-RCJ, 2015 WL 5092696, at *5 (D. Nev. Aug. 27, 2015); *see also Morgan v. City of Henderson Det. Ctr.*, No. 2:09-cv-1392-GMN, 2011 WL 1626560, at *3 (D. Nev. Apr. 27, 2011). Under Federal Rule of Civil Procedure 17(b), state law determines whether a municipal department may sue or be sued. *See Streit v. County of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001). In Nevada, "[i]n the absence of statutory authorization, a department of the municipal government may not, in the department name, sue or be sued." *Wayment v. Holmes*, 112 Nev. 232, 912 P.2d 816, 819 (Nev. 1996); *Schneider v.*

*Elko County Sheriff's Dep't*, 17 F. Supp. 2d 1162, 1165 (D. Nev. 1998) (finding that an action against the Elko County Sheriff's Department was frivolous for lack of capacity to be sued). Therefore, the claims against SPD must be dismissed with prejudice.

### ii. Plaintiff's Claim of Due Process Violations

Mr. Sams has failed to allege a violation of his right to due process under the Fifth and Fourteenth Amendments. "[W]hen seizing property for criminal investigatory purposes, compliance with the Fourth Amendment satisfies pre-deprivation procedural due process." *Sanders v. City of San Diego*, 93 F.3d 1423, 1429 (9th Cir. 1996). Therefore, when property is seized incident to a lawful arrest, in compliance with the Fourth Amendment, there is no pre-deprivation violation of due process. Here, Mr. Sams does not allege that Officer Bader lacked probable cause to arrest him, nor that the initial seizure of his money was wrongful. Accordingly, Mr. Sams has not alleged a pre-deprivation due process violation, and the inquiry turns to whether adequate post-deprivation procedures are available to him. *See id.* at 1433.

As this Court has previously observed, Nevada law provides an adequate remedy, in NRS 179.085, for the return of unlawfully seized or retained property both in pending criminal proceedings and via separate civil actions. *See Wise v. Schreiber*, No. 3:15-cv-462-RCJ-VPC, 2017 WL 662981, at *2 (D. Nev. Feb. 17, 2017), *appeal dismissed*, No. 17-15644, 2017 WL 4844271 (9th Cir. June 28, 2017). Mr. Sams has been on notice of the seizure of his property since the time of his booking, and has not yet pursued the state-law remedies available to him. *See City of W. Corvina v. Perkins*, 525 U.S. 234, 240 (1999) (holding that, where a person is on notice that his property was seized, due process does not require law enforcement to provide "notice of state-law remedies which . . . are established by published, generally available state statutes and case law"). The due process claim must therefore be dismissed.

/ / /

### iii. Plaintiff's Claim Under the Takings Clause

Next, Plaintiff alleges the seizure of his money amounts to an uncompensated taking for public use, in violation of the Fifth Amendment's Takings Clause. "The Takings Clause of the Fifth Amendment prohibits the government from taking private property for public use without just compensation." *Ward v. Ryan*, 623 F.3d 807, 810 (9th Cir. 2010). However, "[w]hen the government seizes property in the exercise of its police powers, the Takings Clause does not apply." *Prepaid Teleconnect, Inc. v. City of Murrieta*, No. EDCV 15-2062-VAP-KKX, 2016 WL 1622609, at *8 (C.D. Cal. Apr. 21, 2016); *see also Mateos-Sandoval v. Cty. of Sonoma*, 942 F. Supp. 2d 890, 912 (N.D. Cal. 2013) (holding that, even where a police seizure of property is unlawful, such seizure "does not constitute a 'public use'").

Accordingly, Mr. Sams' claim under the Takings Clause is dismissed with prejudice.

### iv. Plaintiff's Claim of Unreasonable Search and Seizure

Lastly, Mr. Sams alleges he was subject to an unreasonable seizure in violation of the Fourth Amendment. As noted above, Mr. Sams has alleged no facts to suggest that either his arrest or the initial seizure of his money was unlawful. Thus, there can be no Fourth Amendment violation for the seizure of Mr. Sams' property because it was concededly done in a search incident to lawful arrest. *See, e.g.*, *United States v. Robinson*, 414 U.S. 218, 235 (1973) ("A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment."); *United States v. Edwards*, 415 U.S. 800, 803 (1974) ("It is also plain that searches and seizures that could be made on the spot at the time of arrest may legally be conducted later when the accused arrives at the place of detention."). Furthermore, to the extent Mr. Sams claims that the retention of some of his money amounted to another seizure which violated the Fourth Amendment, there simply is no constitutional right to have all the money on

one's person at the time of arrest deposited into one's inmate account. Therefore, Mr. Sams has failed to state a claim under the Fourth Amendment, and the claim is dismissed.

### c. Officer Bader's Personal Participation in the Claimed Violations

The Court also notes Mr. Sams has failed to make adequate allegations of Officer Bader's personal participation in any of the allegedly unlawful activity. In order to state a § 1983 claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009). Mr. Sams does not allege that Officer Bader took his money or caused the money not to be deposited into his inmate account. He alleges only that Officer Bader initially seized the money, and then completed a declaration of probable cause stating that the amount of seized currency was "approximately $3,000." In reality, Mr. Sams merely claims that the money "disappeared" and is presently "unaccounted for," with no basis to assert that Officer Bader was responsible for the disappearance. (Compl. 4–5.)

With respect to his goal of getting the money back, Mr. Sams has come to the wrong forum. The proper avenue for recovering his lawfully seized property is provided in NRS 179.085.

### CONCLUSION

IT IS HEREBY ORDERED that the motion to dismiss (ECF No. 11) is GRANTED.

IT IS FURTHER ORDERED that the motion for entry of default (ECF No. 14) and motion for default judgment (ECF No. 16) are DENIED.

IT IS SO ORDERED. 24 April 2018.

_____
ROBERT C. JONES
United States District Judge